TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
JEFFREY A TOPOR (SBN 195545)
Jeff.Topor@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Defendant
Acima Credit FKA Simple

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOB ASAD,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; ACIMA CREDIT FKA SIMPLE,<br><br>Defendants. | Case No.: 2:22-cv-06415-JLS-RAO<br><br>**DEFENDANT ACIMA CREDIT FKA SIMPLE'S PROPOSED VERDICT FORM**<br><br>Date: August 30, 2024 (FPTC)<br>Time: 10:30 a.m.<br>Courtroom: 8A, 350 West First Street<br><br>The Honorable Josephine L. Staton |

**DEFENDANT ACIMA CREDIT FKA SIMPLE'S**

**PROPOSED VERDICT FORM**

We answer the questions submitted to us as follows:

**Fair Credit Reporting Act § 1681s-2(b)**

1.     Is Acima a furnisher of credit information?

   _____ Yes   _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then answer question 14.

2.     Did Acima furnish information that appeared on Plaintiff's consumer report?

If your answer to question 2 is yes, then answer question 3. If you answered no, then answer question 14.

   _____ Yes   _____ No

3.     Did Plaintiff notify Experian that Plaintiff disputed the accuracy of the information that Acima furnished about him?

   _____ Yes   _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then answer question 14.

4.     Did Experian notify Acima that Plaintiff disputed the accuracy of the information that Acima furnished about him?

   _____ Yes   _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, then answer question 14.

5.     Was the information that Acima furnished inaccurate?

   _____ Yes   _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, then answer question 14.

6. Was Acima's investigation of Plaintiff's dispute unreasonable?

_____ Yes  _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, then answer question 14.

7. Was Acima's failure to conduct a reasonable investigation of Plaintiff's dispute willful?

_____ Yes  _____ No

If your answer to question 7 is yes, then answer question 9. If you answered no, then answer question 8.

8. Was Acima's failure to conduct a reasonable investigation of Plaintiff's dispute negligent?

_____ Yes  _____ No

If your answer to question 8 is yes, then answer question 9. If you answered no, then answer question 14.

9. Was Plaintiff damaged as a result of Acima's failure to conduct a reasonable investigation of Plaintiff's dispute?

_____ Yes  _____ No

If your answer to question 9 is yes, then answer question 10. If you answered no, then answer question 14.

10. What amount of damages, if any, will reasonably and fairly compensate Plaintiff for any actual damages you find were caused by Acima?

$_____. If you provided an amount greater than "0.00" in answer to question 10, and you answered question 7 "yes," skip now to question 12.

If you answered question 10 "0.00" and you answered question 7 "yes," answer question 11.

Regardless of your answer to question 10, if you answered question 7 "no," skip to question 14.

11.   If you have found that Acima's failure to conduct a reasonable investigation of Plaintiff's dispute was willful, what amount of damages, between $100 and $1,000, do you award Plaintiff for the actual damages he sustained?

$_____. Answer question 12.

12.   Do you find that Plaintiff has proven, by clear and convincing evidence, Acima's conduct that harmed Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights?

_____ Yes _____ No

If your answer to question 12 is yes, then answer question 13.  If you answered no, then answer question 14.

13.   What amount of punitive damages do you award Plaintiff?

$_____. Answer question 14.

**California Civil Code § 1785.25**

14.   Is Acima a person under the California Consumer Credit Reporting Agencies Act?

_____ Yes _____ No

If your answer to question 14 is yes, then answer question 15.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

JOB ASAD V. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL (2:22-CV-06412-JLS-RAO)
DEFENDANT ACIMA CREDIT FKA SIMPLE'S PROPOSED VERDICT FORM

3

15. Did Acima furnish information on a specific transaction or experience to Experian that appeared on Plaintiff's consumer report?

_____ Yes   _____ No

If your answer to question 15 is yes, then answer question 16. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

16. Did Acima know, or should it have known, at the time it furnished the information that the information was incomplete or inaccurate?

_____ Yes   _____ No

If your answer to question 16 is yes, then answer question 17. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

17. Did Acima maintain reasonable procedures to comply with section 1785.25(a) of the California Civil Code?

_____ Yes   _____ No

If your answer to question 17 is no, then answer question 18. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

18. Was Acima's furnishing of incomplete or inaccurate information willful?

_____ Yes   _____ No

If your answer to question 18 is yes, then answer question 19. If you answered no, then answer question 21.

19. Do you find that Plaintiff has proven, by clear and convincing evidence, Acima's conduct that harmed Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights?

_____ Yes   _____ No

If your answer to question 19 is yes, then answer question 20.  If you answered no, then answer question 21.

20.     What amount of punitive damages, between $100.00 and $5,000.00, do you award Plaintiff?

$_____.

Answer question 22.

21.     Was Acima negligent in furnishing information that was incomplete or inaccurate?

_____  Yes  _____  No

If your answer to question 21 is yes, then answer question 22.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

22.     Was Plaintiff damaged as a result of Acima's furnishing information that was incomplete or inaccurate?

_____  Yes  _____  No

If your answer to question 22 is yes, then answer question 23.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

23. What amount of damages do you find that were caused to Plaintiff between January 19, 2022 and March 25, 2022 as a result of Acima's failure to report complete and accurate information?

$_____.

Have the presiding juror sign and date this form.

**Signed:** _____

**Dated:** _____

**After [this verdict form has/all verdict forms have] been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.**

DATED: August 23, 2024                WOMBLE BOND DICKINSON (US) LLP
                                      TOMIO B. NARITA
                                      JEFFREY A. TOPOR


                                      By: /s/ Jeffrey A. Topor
                                      Jeffrey A. Topor
                                      Attorneys for Acima Credit FKA Simple