TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
JEFFREY A. TOPOR (SBN 195545)
Jeff.Topor@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Defendant
Acima Credit FKA Simple

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOB ASAD,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; ACIMA CREDIT FKA SIMPLE,<br><br>Defendants. | CASE NO.: 2:22-cv-06412-JLS-RAO<br><br>**[PROPOSED] JURY INSTRUCTIONS**<br><br>Pre-trial Conf: August 30, 2024<br>Time: 10:30 a.m.<br>Courtroom: 8A<br>Judge: Honorable Josephine L. Staton |

| TABLE OF JURY INSTRUCTIONS INSTRUCTIONS ON THE TRIAL PROCESS | | |
|---|---|---|
| **AGREED UPON INSTRUCTIONS** | | Pg. No. |
| COVER SHEET | Ninth Circuit Model Instruction 1.1 | 1 |
| DUTY OF JURY | Ninth Circuit Model Instruction 1.3 | 2 |
| CLAIMS AND DEFENSES | Ninth Circuit Model Instruction 1.5 | 3 |
| BURDEN OF PROOF | Ninth Circuit Model Instruction 1.6 | 4 |
| BURDEN OF PROOF | Ninth Circuit Model Instruction 1.7 | 5 |
| WHAT IS EVIDENCE | Ninth Circuit Model Instruction 1.9 | 6 |
| WHAT IS NOT EVIDENCE | Ninth Circuit Model Instruction 1.10 | 7 |
| EVIDENCE FOR LIMITED PURPOSE | Ninth Circuit Model Instruction 1.11 | 8 |
| DIRECT AND CIRCUMSTANTIAL EVIDENCE | Ninth Circuit Model Instruction 1.12 | 9 |
| RULING ON OBJECTIONS | Ninth Circuit Model Instruction 1.13 | 10 |
| CREDIBILITY OF WITNESSES | Ninth Circuit Model Instruction 1.14 | 11 |
| CONDUCT OF THE JURY | Ninth Circuit Model Instruction 1.15 | 13 |
| PUBLICITY DURING TRIAL | Ninth Circuit Model Instruction 1.16 | 16 |
| NO TRANSCRIPT AVAILABLE TO JURY | Ninth Circuit Model Instruction 1.17 | 17 |
| TAKING NOTES | Ninth Circuit Model Instruction 1.18 | 18 |
| QUESTIONS TO WITNESSES BY JURORS DURING TRIAL | Ninth Circuit Model Instruction 1.19 | 19 |
| BENCH CONFERENCES AND RECESSES | Ninth Circuit Model Instruction 1.20 | 20 |
| OUTLINE OF TRIAL | Ninth Circuit Model Instruction 1.21 | 21 |
| CAUTIONARY INSTRUCTIONS | Ninth Circuit Model Instruction 2.0 | 22 |
| STIPULATIONS OF FACT | Ninth Circuit Model Instruction 2.2 | 24 |
| JUDICIAL NOTICE | Ninth Circuit Model Instruction 2.3 | 25 |
| IMPEACHMENT EVIDENCE—WITNESS | Ninth Circuit Model Instruction 2.9 | 26 |
| USE OF INTERROGATORIES | Ninth Circuit Model Instruction 2.11 | 27 |

| USE OF REQUESTS FOR ADMISSION | Ninth Circuit Model Instruction 2.12 | 28 |
|---|---|---|
| CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | Ninth Circuit Model Instruction 2.14 | 29 |
| CHARTS AND SUMMARIES RECEIVED IN EVIDENCE | Ninth Circuit Model Instruction 2.15 | 30 |
| DUTY TO DELIBERATE | Ninth Circuit Model Instruction 3.1 | 31 |
| CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY | Ninth Circuit Model Instruction 3.2 | 32 |
| COMMUNICATION WITH COURT | Ninth Circuit Model Instruction 3.3 | 34 |
| READBACK OR PLAYBACK | Ninth Circuit Model Instruction 3.4 | 35 |
| RETURN OF VERDICT | Ninth Circuit Model Instruction 3.5 | 36 |
| ADDITIONAL INSTRUCTIONS OF LAW | Ninth Circuit Model Instruction 3.6 | 37 |
| CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED | Ninth Circuit Model Instruction 3.8 | 38 |
| POST-DISCHARGE INSTRUCTION | Ninth Circuit Model Instruction 3.9 | 39 |
| CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT | Ninth Circuit Model Instruction 4.1 | 40 |
| LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE | Ninth Circuit Model Instruction 4.2 | 41 |
| ELEMENTS OF SECTION 1681S-2(B) CLAIM | 15 U.S.C. §1681s-2(b) | 42 |
| DEFINITION OF FURNISHER UNDER FAIR CREDIT REPORTING ACT | *Yu v. Tesla Energy Ops., Inc.*, Case No. CV 21-0062 FMO (KSx), 2022 U.S. Dist. LEXIS 152606, *7 (C.D. Cal. Mar. 7, 2022). | 43 |

| DUTY TO INVESTIGATE TRIGGERED BY NOTICE FROM EXPERIAN | 15 U.S.C. §1681s-2(b) | 44 |
|---|---|---|
| DEFINITION OF "INACCURATE" INFORMATION | 15 U.S.C. §1681s-2(b) | 45 |
| DEFINITION OF CONSUMER REPORT | 15 U.S.C. § 1681a(d) | 46 |
| INVESTIGATION CAN BE REASONABLE EVEN IF FURNISHER REACHES WRONG CONCLUSION | 15 U.S.C. §1681s-2(b) | 47 |
| ELEMENTS OF PLAINTIFF'S CALIFORNIA CIVIL CODE SECTION 1785.25(A) CLAIM | Cal. Civ. Code § 1785.25(a); § 1785.31(a) | 48 |
| DEFINITION OF PERSON | Civ. Code § 1785.3(j) | 49 |
| NO DUTY TO INVESTIGATE VALIDITY OF ACCOUNT BEFORE FURNISHING UNDER CALIFORNIA CIVIL CODE SECTION 1785.25(a) | *Jones v. Pennsylvania Higher Ed. Assistance Agency*, 2017 WL 4594078, *9 (C.D. Cal. July 24, 2017). | 50 |
| DEFINITION OF CONSUMER CREDIT REPORT | Cal. Civ. Code § 1785.3(c) | 51 |
| ACIMA'S REASONABLE PROCEDURES DEFENSE | Cal. Civ. Code § 1785.25(g) | 52 |
| PLAINTIFF'S DAMAGES UNDER CALIFORNIA CIVIL CODE SECTION 1785.31 | Cal. Civ. Code § 1785.25(a); § 1785.31(a) | 53 |
| DAMAGES—PROOF | Ninth Circuit Model Instruction 5.1 | 55 |
| MEASURES OF TYPES OF DAMAGES | Ninth Circuit Model Instruction 5.2 | 56 |
| DAMAGES—MITIGATION | Ninth Circuit Model Instruction 5.3 | 57 |
| PUNITIVE DAMAGES | Ninth Circuit Model Instruction 5.5 | 58 |

| DISARGEED UPON INSTRUCTIONS | | Pg. No. |
|---|---|---|
| Plaintiff's version - REASONABLENESS OF INVESTIGATION | 15 U.S.C. § 1681s-2(b) | 60 |
| Plaintiff's Objections to Defendant's Proposed Instruction Re: REASONABLENESS OF INVESTIGATION | *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-59 (9th Cir. 2009). | 62 |
| Plaintiff's version - PLAINTIFF'S DAMAGES UNDER SECTIONS 1681n AND 1681o OF THE FAIR CREDIT REPORTING ACT | 15 U.S.C. §§ 1681n, 1681o | 63 |
| Plaintiff's Objections to Defendant's Proposed Instruction Re: PLAINTIFF'S DAMAGES UNDER SECTIONS 1681n AND 1681o OF THE FAIR CREDIT REPORTING ACT | | 66 |
| Defendant's version - REASONABLENESS OF INVESTIGATION | 15 U.S.C. § 1681s-2(b) | 67 |
| Defendant's Objections to Plaintiff's Proposed Instruction Re: REASONABLENESS OF INVESTIGATION | | 68 |
| Defendant's version - PLAINTIFF'S DAMAGES UNDER SECTIONS 1681n AND 1681o OF THE FAIR CREDIT REPORTING ACT | 15 U.S.C. §§ 1681n, 1681o | 69 |

| Defendant's Objections to Plaintiff's Proposed Instruction Re: PLAINTIFF'S DAMAGES UNDER SECTIONS 1681n AND 1681o OF THE FAIR CREDIT REPORTING ACT | 15 U.S.C. §§ 1681n, 1681o | 72 |
|---|---|---|

# 1.1 COVER SHEET

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF

| | |
|---|---|
| _____, | CASE NO.: |
| Plaintiff, | |
| vs. | |
| _____, | |
| Defendants. | |

**JURY INSTRUCTIONS**

DATED: _____

_____

UNITED STATES [DISTRICT]

[MAGISTRATE] JUDGE

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.1

## <u>1.3 DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)</u>

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.3

# 1.5 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that Defendant violated section 1681s-2(b) of the Fair Credit Reporting Act and section 1785.25(a) of the California Civil Code in connection with the information that Defendant furnished about plaintiff to a credit reporting agency, Experian Information Solutions, Inc. The plaintiff has the burden of proving these claims.

The defendant denies those claims and also contends that it used reasonable procedures when furnishing information to Experian and when investigating the dispute submitted by plaintiff. The defendant has the burden of proof on its affirmative defenses.

The plaintiff denies defendant's affirmative defenses.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.5

## **1.6 BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6

## **1.7 BURDEN OF PROOF-CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.7

# **1.9 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I have instructed you to accept as proved.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.9

# 1.10 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1)      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2)      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3)      Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4)      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.10

# 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [ describe purpose] and not for any other purpose.]

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.11

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.12

# **1.13 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.13

# 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1) the opportunity and ability of the witness to see or hear or know the things testified to;

2) the witness's memory;

3) the witness's manner while testifying;

4) the witness's interest in the outcome of the case, if any;

5) the witness's bias or prejudice, if any;

6) whether other evidence contradicted the witness's testimony;

7) the reasonableness of the witness's testimony in light of all the evidence; and

8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of

what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.14

## 1.15 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, Linkedin, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you

have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it [,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved-including the parties, the witnesses or the lawyers until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, tum away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.15

# 1.16 PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.16

# 1.17 NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.17

# **1.18 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [ envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.18

## **1.19 QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

*Option 1*

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [Specific reasons for not allowing jurors to ask questions may be explained.] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.19

## 1.20 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.20

## <u>1.21 OUTLINE OF TRIAL</u>

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.21

# 2.0 CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? ... Thank you for your careful adherence to my instructions.]

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.0

## **2.2 STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit_] [that will be read to you]. You must therefore treat these facts as having been proved.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.2

## 2.3 JUDICIAL NOTICE

The court has decided to accept as proved the fact that [state fact]. You must accept this fact as true.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.3

## **2.9 IMPEACHMENT EVIDENCE-WITNESS**

The evidence that a witness (e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.) may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.9

# 2.11 USE OF INTERROGATORIES

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.11

## **2.12 USE OF REQUESTS FOR ADMISSION**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.12

## **2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.14

## 2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.15

## 3.1 DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1

## 3.2 CONSIDERATION OF EVIDENCE-CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research

about this case, the law, or the people involved including the parties, the witnesses or the lawyers-until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.2

## 3.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including the court-how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3

# 3.4 READBACK OR PLAYBACK

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a readback of the testimony of [witness's name] it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. Because of the length of the testimony of this witness, excerpts will be read. The readback could contain errors. The readback cannot reflect matters of demeanor , tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.4

## 3.5 RETURN OF VERDICT

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.5

## **3.6 ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.6

## **3.8 CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED**

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.8

# 3.9  POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.9

## 4.1 CORPORATIONS AND PARTNERSHIPS-FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.1

## **4.2 LIABILITY OF CORPORATIONS-SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.2

# ELEMENTS OF SECTION 1681S-2(B) CLAIM

Plaintiff contends that Acima violated section 1681 s-2(b) of the Fair Credit Reporting Act. To prevail on this claim, Plaintiff bears the burden of proving, by a preponderance of the evidence, each of the following elements:

1)  Acima is a "furnisher" of credit information,

2)  Plaintiff notified Experian Information Solutions, Inc. that Plaintiff disputed the information that Acima reported about him as inaccurate,

3)  Experian Information Solutions, Inc. notified Acima of the alleged inaccurate information of that Plaintiff disputed;

4)   The reporting by Acima regarding Plaintiff was in fact inaccurate; and

5)  Acima failed to conduct a reasonable investigation into the dispute as required by section 1681 s-2(b)(1)

*Source* 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-55 (9th Cir. 2009); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 1010); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106-07 (9th Cir. 2012); *see also Asad v. Experian Info. Sols., Inc.*, Case. No. 2:22-cv-06412-JLS-RAO, 2024 U.S. Dist. LEXIS 51724 (C.D. Cal. Mar. 21, 2024) (Order re: Summary Judgment); *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022); *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *5 (N.D. Cal. Dec. 20, 2017).

## **DEFINITION OF FURNISHER UNDER**
## **FAIR CREDIT REPORTING ACT**

A furnisher is an entity that transmits information concerning a particular debt owed by a particular consumer to credit reporting agencies.

*Source Yu v. Tesla Energy Ops., Inc.*, Case No. CV 21-0062 FMO (KSx), 2022 U.S. Dist. LEXIS 152606, *7 (C.D. Cal. Mar. 7, 2022).

## <u>DUTY TO INVESTIGATE TRIGGERED BY</u>
## <u>NOTICE FROM EXPERIAN</u>

Acima's duty under section 1681s-2(b) of the Fair Credit Reporting Act to investigate any dispute by Plaintiff is not triggered by a direct notice from Plaintiff to Acima regarding any such dispute. Rather, Acima's duty to investigate does not arise unless Plaintiff establishes that Acima was notified by Experian about the dispute.

*Source* 15 U.S.C. § 1681s-2(b); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-55 (9th Cir. 2009); *Asad v. Experian Info. Sols., Inc.*, 2024 U.S. Dist. LEXIS 51724 (C.D. Cal. Mar. 21 , 2024); *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022).

# **DEFINITION OF "INACCURATE" INFORMATION**

To meet his burden of proving that Acima furnished "inaccurate" information about him, Plaintiff must prove the information Acima furnished to Experian was patently incorrect, or that it was misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. Imprecision alone does not render information misleading.

*Source* 15 U.S.C. § 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 1010); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012); *Shaw v. Experian Info. Solutions Inc.*, 891 F.3d 749, 756 (9th Cir. 2018).

# **DEFINITION OF CONSUMER REPORT**

The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—

(A)     credit or insurance to be used primarily for personal, family, or household purposes;

(B)     employment purposes; or

(C)     any other purpose authorized under section 1681b of this title.

A consumer disclosure is not a consumer report.  A consumer report is a report prepared for third parties while a consumer disclosure is the consumer reporting agency's file it reveals to the consumer, not a third party.

*Source* 15 U.S.C. § 1681a(d); *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1101 (9th Cir. 2022); *King v. Equifax Info. Servs.*, No. C 22-07484 WHA, 2023 U.S. Dist. LEXIS 68052, *7-9 (N.D. Cal. Apr. 18, 2023) (noting that the Supreme Court has recently explained the difference "between (i) credit files that consumer reporting agencies maintain internally and (ii) the consumer credit reports that consumer reporting agencies disseminate to third-party creditors."); *Steimetz v. American Honda Finance*, 447 F. Supp. 3d 994, 1008 (D. Nev. 2020); *Letren v. Trans Union, LLC*, 2017 U.S. Dist. LEXIS 14628, *2 n.2 (D. Md. Feb. 2, 2017).

## <u>INVESTIGATION CAN BE REASONABLE EVEN IF FURNISHER REACHES WRONG CONCLUSION</u>

You may find that Acima's investigation of a dispute received from Experian was reasonable even if you determine that Plaintiff was a victim of fraud and that Acima reached the wrong conclusion when it determined Plaintiff was obligated to pay the unpaid balance due on the account.

*Source* 15 U.S.C. § 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161 (9th Cir. 2009) ("An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate."); *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1252 (9th Cir. 2022) ("Establishing an inaccuracy is not enough, however; [Plaintiff] must also show that the inaccuracy was the product of an unreasonable investigation by [the furnisher]"); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1110 (9th Cir. 2012) (a furnisher's investigation "is not necessarily unreasonable because it results in a . . . conclusion [that] turns out to be inaccurate"); *Martinez v. American Express Nat'l Bank*, Case No. CV 21-8130-DMG (MAAx), 2022 U.S. Dist. LEXIS 199019, *16 (C.D. Cal. Nov. 1, 2022) ("[E]ven though the parties agree that the American Express account at issue in this case did not, in fact, belong to Plaintiff, the reasonableness of [defendant's] investigation does not turn on this fact.").

# ELEMENTS OF PLAINTIFF'S CALIFORNIA CIVIL CODE SECTION 1785.25(A) CLAIM

Plaintiff also contends that Acima violated section 1785.25(a) of the California Civil Code. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, the following:

1. Acima is a person,

2. Acima is a furnisher of information,

3. Acima furnished information on a specific transaction or experience to Experian,

4. Acima knew or should have known at the time it furnished the information that the information was incomplete or inaccurate, and

5. Plaintiff suffered damages as a result of Acima's violation of 1785.25(a)

*Source* Cal. Civ. Code § 1785.25(a); § 1785.3l(a); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 1010); *Cavalry SPV I, LLC v. Watkins*, 36 Cal. App. 5th 1070, 1095-96 (2019); *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022); *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *5 (N.D. Cal. Dec. 20, 2017).

# DEFINITION OF PERSON

A person is any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

*Source* Cal. Civ. Code § 1785.3(j).

## NO DUTY TO INVESTIGATE VALIDITY OF ACCOUNT BEFORE FURNISHING UNDER CALIFORNIA CIVIL CODE SECTION 1785.25(a)

A furnisher is not obligated to investigate the validity of an account before furnishing information to the credit reporting agency.

*Source Jones v. Pennsylvania Higher Ed. Assistance Agency*, 2017 WL 4594078, *9 (C.D. Cal. July 24, 2017).

## **DEFINITION OF CONSUMER CREDIT REPORT**

The term "Consumer credit report" means any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: (1) credit to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) hiring of a dwelling unit, as defined in subdivision (c) of Section 1940, or (4) other purposes authorized in Section 1785.11.

A consumer disclosure is not a consumer report.  A consumer report is a report prepared for third parties while a consumer disclosure is the consumer reporting agency's file it reveals to the consumer, not a third party.

*Source* Cal. Civ. Code § 1785.3(c).

## ACIMA'S REASONABLE PROCEDURES DEFENSE

Acima contends it is not liable for any violations of section 1785.25(a) of the California Civil Code because it maintained reasonable procedures to prevent violations. If you find that Acima violated section 1785.25(a) of the California Civil Code, then you should consider Acima's reasonable procedures defense. You should find in favor of Acima on its reasonable procedures defense if Acima proves, by a preponderance of the evidence, that it at the time of the failure to comply, it maintained reasonable procedures to comply with section 1785.25(a) of the California Civil Code.

*Source* Cal. Civ. Code § 1785.25(g); *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *39 (N.D. Cal. Dec. 20, 2017).

## PLAINTIFF'S DAMAGES UNDER CALIFORNIA CIVIL CODE SECTION 1785.31

If you find the Plaintiff has proven by a preponderance of the evidence that he suffered damages because of Acima's violation of section 1785.25(a) of the California Civil Code, then you must determine the amount of those damages.

For any violation of section 1785.25(a) of the California Civil Code, you must determine whether Plaintiff has proven by a preponderance of the evidence that the violation was negligent or willful.

To prove a negligent violation of section 1785.25(a) of the California Civil Code, Plaintiff must show that Acima acted pursuant to an objectively unreasonable interpretation of the statute.

To prove a willful violation of section 1681s-2(b) of the California Civil Code, Plaintiff must show that Acima knowingly or reckless violated the statute.

Recklessness is an objective standard. A defendant acts in reckless disregard when its action both is a violation under a reasonable reading of the statute's terms and shows that the defendant ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

If you find Acima was negligent in violating section 1785.25(a) of the California Civil Code, then you may award Plaintiff any actual damages that he is able to prove, by a preponderance of the evidence, resulted from the violation,

including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.

If you find Acima was willful in violating section 1785.25(a) of the California Civil Code, then you may award Plaintiff any of the actual damages listed above that he proves, by a preponderance of the evidence, along with punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation.

*Source* Cal. Civ. Code § 1785.25(a); § 1785.31(a); *Martinez v. American Express Nat'l Bank*, Case No. CV 21-8130-DMG (MAAx), 2022 U.S. Dist. LEXIS 199019, *17 (C.D. Cal. Nov. 1, 2022); *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *16 (N.D. Cal. Dec. 20, 2017); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007); *Moran v. Screening Pros, LLC*, 25 F.4th 722, 728 (9th Cir. 2022); *Marino v. Ocwen Loan Serv. LLC*, 978 F.3d 669, 671 (9th Cir. 2020);.

# 5.1 DAMAGES-PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on either of the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[Insert types of damages. See Instruction 5.2 (Measures of Types of (Damages)]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.1 and 5.2

## <u>5.2 MEASURES OF TYPES OF DAMAGES</u>

In determining the measure of damages, you should consider:

The nature and extent of the injuries; and,

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.2

# 5.3 DAMAGES-MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.3; *Riley v. Equifax Info. Servs., LLC*, 2021 U.S. Dist. LEXIS 15945, *21-22 (M.D. Fla. Aug. 24, 2021) (rejecting argument that CRA cannot raise a failure to mitigate defense); *Graham v. CSC Credit Servs.*, 306 F. Supp. 2d 873, 880 (D. Minn. 2004) (assuming that duty to mitigate exists in FCRA case).

## 5.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct[, including whether the conduct that

harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

*Source*: Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.5

## DISAGREED UPON INSTRUCTIONS

### [Plaintiff's version] REASONABLENESS OF INVESTIGATION

When you determine whether Acima's investigation of any dispute received from Experian was reasonable, you must consider a number of factors. A reasonable investigation must be non-cursory. An investigation is defined as a detailed inquiry or systematic explanation. A reasonable investigation is likely to turn up information about the underlying facts and positions of the parties. A superficial inquiry that merely "rubber stamps" an earlier submission is not sufficient. A furnisher's investigation obligations will often be more extensive and thorough than a credit reporting agency's because they have a direct relationship with the consumer.  On the other hand, the scope of the investigation depends on whether Experian provided sufficient details to Acima about the dispute. If only vague or scant details are provided by Experian, then a less searching investigation by Acima is required.  The reasonableness of a furnisher's policies depends on the nature, size, complexity, and scope of each furnisher's activities. Several factors inform the reasonableness analysis, including: the furnisher's relationship to the debt and to the consumer; the level of detail in the credit reporting agency's notice of dispute; and the feasibility of implementing investigatory procedures, including training staff.

An investigation under the statute contemplates three potential ending points to an investigation: verification of the information, a determination that the information was inaccurate, or a determination that the information cannot be verified. To verify means to confirm or establish the truth or truthfulness of information. Where a furnisher does not already possess evidence establishing that disputed information is true, the statute requires the furnisher to seek out and obtain such evidence before reporting the information as "verified." When a furnisher reports that information has been verified, the question of whether the

furnisher behaved reasonably will turn on whether the furnisher acquired

sufficient evidence to support the conclusion that the information was true.


*Source* 15 U.S.C. § 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-59 (9th Cir. 2009) (investigation was reasonable in light of "vague" and "scant" information supplied by consumer reporting agency: "The pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute.); *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (the "investigation in this case was reasonable given the scant information it received regarding the nature of Westra's dispute."); *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1303 (11th Cir. 2016).

## Plaintiff's Objections to Defendant's Proposed Instruction Re: REASONABLENESS OF INVESTIGATION

Plaintiff objects to Defendant's Proposed Instruction regarding the Reasonableness of the investigation required by section 1681s-2(b) of the Fair Credit Reporting Act on the grounds that it is one-sided and prejudicial to Plaintiff. Defendant's instructions only take the case law that supports its position, without providing the case law that is negative. Plaintiff's cited case law is supported by Ninth Circuit authority.  In fact, the section deleted by Defendant:

An investigation is defined as a detailed inquiry or systematic explanation. A reasonable investigation is likely to turn up information about the underlying facts and positions of the parties. A superficial inquiry that merely "rubber stamps" an earlier submission is not sufficient.

Is taken directly from the Ninth Circuit's holdings in *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-59 (9th Cir. 2009). And while the last paragraph is taken from the Eleventh Circuit, it is in-line with Ninth Circuit precedent on what a furnisher must reasonably do, and in line with this Court's opinion on Summary Judgment.

## [Plaintiff's version] PLAINTIFF'S DAMAGES UNDER SECTIONS 1681n AND 1681o OF THE FAIR CREDIT REPORTING ACT

If you find the Plaintiff has proven by a preponderance of the evidence that he suffered damages because of Acima's violation of section 1681s-2(b) of the Fair Credit Reporting Act, then you must determine the amount of those damages.

For any violation of section 1681s-2(b) of the Fair Credit Reporting Act, you must determine whether Plaintiff has proven by a preponderance of the evidence that the violation was negligent or willful.

To prove a negligent violation of section 1681s-2(b) of the Fair Credit Reporting Act, Plaintiff must show that Acima acted pursuant to an objectively unreasonable interpretation of the statute.

To prove a willful violation of section 1681s-2(b) of the Fair Credit Reporting Act, Plaintiff must show that Acima knowingly or reckless violated the statute.

Recklessness is an objective standard.  A defendant acts in reckless disregard when its action both is a violation under a reasonable reading of the statute's terms and shows that the defendant ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

If you find Acima was negligent in violating section 1681s-2(b) of the Fair Credit Reporting Act, you may award Plaintiff only the actual damages that he is able to prove, by a preponderance of the evidence, resulted from the violation.

Plaintiff may not recover damages that are speculative, remote, imaginary, contingent, or merely possible.

Actual damages may include emotional distress. Actual damages may be based on a Plaintiff's testimony alone and does not require corroboration. No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. An injured person's testimony alone may suffice to establish damages for humiliation, embarrassment, and emotional distress provided that the circumstances surrounding the injury are reasonably and sufficiently explained, and the testimony does not rely on mere conclusory statements. He or she does not have to introduce medical or other expert testimony.  You may also award damages for emotional distress type damages including humiliation, embarrassment, and/or stress-related suffering to Plaintiff even if you were to find that Plaintiff suffered no economic/ out of pocket losses.

Plaintiff claims his credit was negatively impacted as a result of Acima's violation of section 1681s-2(b) of the Fair Credit Reporting Act.  Plaintiff may recover damages for such violation only if he proves, by a preponderance of the evidence, that the violation was a substantial factor in the credit damage. However, the error need not be the "sole" factor that caused the injury. Actual damages also include refraining from applying for credit. No court has found that a credit denial is required to recover for credit damages.

If you find Acima was willful in violating section 1681s-2(b) of the Fair Credit Reporting Act, then you may award Plaintiff any of the actual damages listed above. However, a finding of willfulness does not require a finding that Plaintiff was damaged. You can alternatively find that Plaintiff is entitled to

statutory damages in an amount not less than $100 and nor more than $1,000. A
finding of willfulness also includes such amount of punitive damages as you may
allow.

*Source* 15 U.S.C. §§ 1681n, 1681o; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47,
57 (2007); *Moran v. Screening Pros, LLC*, 25 F.4th 722, 728 (9th Cir. 2022);
*Marino v. Ocwen Loan Serv. LLC*, 978 F.3d 669, 671 (9th Cir. 2020); *Shaw v.
Experian Info. Solutions Inc.*, 891 F.3d 749, 760 (9th Cir. 2018); *Guimond v. Trans
Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Navellier v. Sletten*,
262 F.3d 923, 939 (9th Cir. 2001); *Holland Livestock Ranch v. United States*, 655
F.2d 1002, 1006 (9th Cir. 1981); *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-
04732-LHK, 2017 WL 6513662, *15, 17 (N.D. Cal. Dec. 20, 2017); *Johnson v.
Wells Fargo Home Mortg., Inc.* 558 F. Supp. 2d 1114, 1136 (D. Nev. 2008), *aff'd
in part, rev'd in part on other grounds, and remanded*, 635 F.3d 401 (9th Cir.
2011); *Bradshaw v. BAC Home LoansServicing, LP*, 816 F. Supp. 2d 1066, 1076
(D. Ore. 2011); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 969 (3d Cir. 1996);
*Hillis v. Trans Union, LLC*, 2014 U.S. Dist. LEXIS 79840, at *13 (E.D. Pa. June
9, 2014) (actual damages include a refusal to increase plaintiff's credit limit);
*Wheeler v. Trans Union LLC*, 2018 U.S. Dist. LEXIS 89681, at *12 (D. Ariz.
2018) (refraining from applying for credit is adequate actual damages)

## **Plaintiff's Objections to Defendant's Proposed Instruction Re: PLAINTIFF'S DAMAGES UNDER SECTIONS 1681n AND 1681o OF THE FAIR CREDIT REPORTING ACT**

Plaintiff agrees that the Ninth Circuit has not addressed the test for recovering emotional distress damages against a furnisher under the Fair Credit Reporting Act, but disagrees that recovery is limited. *See Bradshaw*, 816 F. Supp. 2d at 1076 ("plaintiffs' description of the emotional distress they both suffered . . . is sufficient").

Plaintiff also objects to Defendant's characterization of his credit damages as limited only to denials. The Ninth Circuit has made it clear that a denial of credit is not a prerequisite to recovery of actual damages. *See Guimond*, 45 F.3d at 1333. The evidence has not been submitted and Plaintiff is entitled to all negative credit impact under the law. Defendant is essentially limiting damages before discovery is heard.

Defendant's instructions also leave out the ever-important instruction that actual damages are not a requirement for a finding of willfulness (i.e. statutory damages and punitive damages). Defendant is trying to confuse the jury.

## [Defendant's version] REASONABLENESS OF INVESTIGATION

When you determine whether Acima's investigation of any dispute received from Experian was reasonable, you must consider a number of factors. A reasonable investigation must be non-cursory. On the other hand, the scope of the investigation depends on whether Experian provided sufficient details to Acima about the dispute. If only vague or scant details are provided by Experian, then a less searching investigation by Acima is required. The reasonableness of a furnisher's policies depends on the nature, size, complexity, and scope of each furnisher's activities. Several factors inform the reasonableness analysis, including: the furnisher's relationship to the debt and to the consumer; the level of detail in the credit reporting agency's notice of dispute; and the feasibility of implementing investigatory procedures, including training staff.

*Source* 15 U.S.C. § 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-59 (9th Cir. 2009) (investigation was reasonable in light of "vague" and "scant" information supplied by consumer reporting agency: "The pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute.); *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (the "investigation in this case was reasonable given the scant information it received regarding the nature of Westra's dispute.").

## Defendant's Objections to Plaintiff's Proposed Instruction Re: REASONABLENESS OF INVESTIGATION

Defendant objects to Plaintiff's Proposed Instruction regarding the Reasonableness of the investigation required by section 1681s-2(b) of the Fair Credit Reporting Act on the grounds that is not supported by Ninth Circuit authority. In fact, the proposed instruction exceeds the Ninth Circuit's holdings in *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-59 (9th Cir. 2009), and *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022). Plaintiff incorporates into his proposed instruction language from out-of-circuit caselaw that has not been explicitly adopted by the Ninth Circuit, and which exceeds the bounds of plain language of section 1681s-2(b) of the Fair Credit Reporting Act.

## [Defendant's version] PLAINTIFF'S DAMAGES UNDER SECTIONS 1681n AND 1681o OF THE FAIR CREDIT REPORTING ACT

If you find the Plaintiff has proven by a preponderance of the evidence that he suffered damages because of Acima's violation of section 1681s-2(b) of the Fair Credit Reporting Act, then you must determine the amount of those damages.

For any violation of section 1681s-2(b) of the Fair Credit Reporting Act, you must determine whether Plaintiff has proven by a preponderance of the evidence that the violation was negligent or willful.

To prove a negligent violation of section 1681s-2(b) of the Fair Credit Reporting Act, Plaintiff must show that Acima acted pursuant to an objectively unreasonable interpretation of the statute.

To prove a willful violation of section 1681s-2(b) of the Fair Credit Reporting Act, Plaintiff must show that Acima knowingly or recklessly violated the statute.

Recklessness is an objective standard. A defendant acts in reckless disregard when its action both is a violation under a reasonable reading of the statute's terms and shows that the defendant ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

If you find Acima was negligent in violating section 1681s-2(b) of the Fair Credit Reporting Act, you may award Plaintiff only the actual damages that he is able to prove, by a preponderance of the evidence, resulted from the violation.

Plaintiff may not recover damages that are speculative, remote, imaginary, contingent, or merely possible.

Actual damages may include emotional distress. Actual damages may be based on a Plaintiff's testimony alone and does not require corroboration. Emotional distress damages can be awarded without corrorabative evidence where circumstances make it obvious that a reasonable person would suffer significant emotional harm, rather than merely trivial or transient harm.

Plaintiff claims he was denied credit as a result of Acima's violation of section 1681s-2(b) of the Fair Credit Reporting Act. Plaintiff may recover damages for such violation only if he proves, by a preponderance of the evidence, that the violation was a substantial factor in the denial of credit.

If you find Acima was willful in violating section 1681s-2(b) of the Fair Credit Reporting Act, then you may award Plaintiff any of the actual damages listed above. You can alternatively find that Plaintiff is entitled to statutory damages in an amount not less than $100 and nor more than $1,000. A finding of willfulness also includes such amount of punitive damages as you may allow.

*Source* 15 U.S.C. §§ 1681n, 1681o; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007); *Moran v. Screening Pros, LLC*, 25 F.4th 722, 728 (9th Cir. 2022); *Marino v. Ocwen Loan Serv. LLC*, 978 F.3d 669, 671 (9th Cir. 2020); *Shaw v. Experian Info. Solutions Inc*., 891 F.3d 749, 760 (9th Cir. 2018); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Navellier v. Sletten*, 262 F.3d 923, 939 (9th Cir. 2001); *Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1006 (9th Cir. 1981); *In re Dawson*, 390 F.3d 1139, 1150 (9th Cir. 2004) abrogated on separate grounds as recognized by *In re Gugliuzza,* 852 F.3d 884 (9th Cir. 2017);*Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *15, 17 (N.D. Cal. Dec. 20, 2017); *Johnson v. Wells Fargo Home Mortg., Inc*. 558 F. Supp. 2d 1114, 1136 (D. Nev. 2008), *aff'd in part, rev'd*

*in part on other grounds, and remanded*, 635 F.3d 401 (9th Cir. 2011); *Russell v. GC Servs. Ltd. P'Ship*, 476 F. Supp. 3d 1097, 1103 (E.D. Wash. 2020).

**Defendant's Objections to Plaintiff's Proposed Instruction Re: PLAINTIFF'S DAMAGES UNDER SECTIONS 1681n AND 1681o OF THE FAIR CREDIT REPORTING ACT**

Defendant objects to Plaintiff's Proposed Instruction regarding Damages under Section 1681n and 1681o of the Fair Credit Reporting Act on the grounds that is not supported by Ninth Circuit authority.  The Ninth Circuit has not addressed the test for recovering emotional distress damages against a furnisher under the Fair Credit Reporting Act, but has made clear that such damages are only available in limited circumstances when the Plaintiff's testimony is not corroborated.

Furthermore, Plaintiff has never claimed that his "credit was negatively impacted."  Even if he had, he has not produced any evidence to support such a claim.  Defendant contends that such a claim would require expert testimony, but Plaintiff has not designated any expert witness in this action.  Similarly, Plaintiff has never claimed that he "refrain[ed] from applying for credit."  On the contrary, Plaintiff testified that he did apply for credit.  Regardless, the Ninth Circuit has never recognized such a theory of recovery.  Plaintiff's proposed instruction will confuse and mislead the jury.

Respectfully submitted,

DATED: August 23, 2024

WOMBLE BOND DICKINSON (US) LLP
TOMIO B. NARITA
JEFFREY A. TOPOR


By:   /s/Jeffrey A. Topor
Jeffrey A. Topor
Attorneys for Acima Credit FKA Simple

DATED: August 23, 2024                    ROBERT SIBILIA S.B.N.

                                          By:   /s/Robert Sibilia
                                          Robert Sibilia
                                          Attorneys for Job Asad


        Pursuant to L.R. 5-4.3.4(a)(2), I, Jeffrey A. Topor, hereby certify that the content of this [Proposed] Jury Instructions is acceptable to all parties who are required to sign.  All counsel have authorized me to affix the CM/ECF signatures to this document.


                                          WOMBLE BOND DICKINSON (US) LLP


                            By:    /s/Jeffrey A. Topor
                                   Jeffrey A. Topor